Filed 6/28/21  P. v. Saysanasy CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. LEE LOULY SAYSANASY, Defendant and Appellant. | F081458 (Super. Ct. No. F11906503) OPINION |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Franson, J. and Snauffer, J.

This case returns to us following remand to the trial court to exercise its discretion as to whether to strike appellant Lee Louly Saysanasy's firearm enhancement under Penal Code section 12022.53, subdivision (d)[1] pursuant to the trial court's authority under Senate Bill No. 620 and the associated amendment to section 12022.53, subdivision (h), effective January 1, 2018. (*People v. Saysanasy* (Nov. 12, 2019, F074463) [nonpub. opn.].) Section 12022.53, subdivision (h) gives trial courts discretion to "strike or dismiss" a section 12022.53 enhancement "in the interest of justice pursuant to [s]ection 1385 and at the time of sentencing .…" (§ 12022.53, subd. (h).)

At resentencing, Saysanasy filed a motion asking the trial court to exercise its discretion to strike the 25-year-to-life firearm enhancement. Alternatively, Saysanasy asked the trial court to exercise its discretion to strike Saysanasy's prior 1992 strike conviction pursuant to *Romero v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504 (*Romero*). The trial court declined to do either. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Due to the limited issues on appeal, we do not discuss the background facts of the case at length. Suffice it to say Saysanasy shot and killed another man at a party Saysanasy was hosting at a restaurant. Saysanasy claimed he was disrespected and threatened by the victim, although he acknowledged not seeing a weapon on the victim or on anyone else. The altercation was captured on video.

Saysanasy was charged with murder, and it was alleged that he personally and intentionally discharged a firearm which proximately caused the death of the victim in violation of section 12022.53 subdivision (d) and personally and intentionally discharged a firearm in violation of 12022.53 subdivision (c).[2] In addition, the information alleged

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] It does not appear that the section 12022.53, subdivision (c) allegation was ever brought before the jury.

2.

Saysanasy had one prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subd. (a)), and one prior serious felony conviction (§ 667, subd. (a)(1)). A jury acquitted Saysanasy of first degree murder but convicted him of second degree murder. The jury found true the section 12022.53, subdivision (d) firearm enhancement allegation. In a bifurcated proceeding, the trial court found true the prior strike and prior serious felony conviction allegations. At sentencing, probation was denied and Saysanasy was sentenced to a total of 60 years to life in state prison, consisting of the indeterminate term of 15 years to life, doubled due to his prior strike; five years for the prior serious felony conviction; and 25 years to life for the firearm enhancement.

We affirmed the judgment on appeal but remanded the case to the trial court to exercise its discretion as to whether to strike the firearm enhancement, as provided in section 1385 and the amendment to section 12022.53, subdivision (h) under Senate Bill No. 620.

Prior to the resentencing hearing, Saysanasy filed a motion requesting that the trial court exercise its discretion to strike the 25-year-to-life firearm enhancement. Alternatively, Saysanasy asked the trial court to exercise its discretion to strike the prior strike. Saysanasy argued that the firearm enhancement effectively turned his sentence into one of life without the possibility of parole, even though he had "only" been convicted of second degree murder. He asked that the trial court consider that, even without the firearm enhancement, he would not be eligible for parole until he was in his eighties. As to the prior strike, Saysanasy made a similar argument and also argued that the age of the strike and his diagnosis of post-traumatic stress disorder weighed in favor of granting his motion to strike the prior strike.

At the resentencing hearing, Saysanasy reiterated the argument relating to the firearm enhancements and submitted on his motion as to the prior strike conviction.

The prosecutor argued that it would not be in the interest of justice to strike any of the enhancements, noting, as to the crime itself, that Saysanasy used a firearm, the victim

3.

did not have a weapon, Saysanasy shot the victim multiple times at close range, and he fled the scene in an attempt to escape. As for Saysanasy's criminal history, the prosecutor noted that Saysanasy had a prior conviction for voluntary manslaughter in 1992, in which he also used a firearm. Saysanasy had three parole violations in connection with that conviction and was eventually sent back to prison to complete his sentence. The prosecutor noted Saysanasy was 42 years old when he committed the current offense and he "should have been a mature man" and "walked away" from the altercation.

The trial court questioned the parties on whether Saysanasy would be eligible for elderly parole when he reached the age of 60 and had served 25 years of the sentence, although the trial court noted that this would not be a deciding factor in its determination. Counsel for Saysanasy stated that Saysanasy might be eligible for elderly parole, but any reduction in the sentence would make him more likely to get relief if and when he was eligible.

The trial court then ruled on Saysanasy's resentencing requests as follows:

"The court has read the remittitur. It appears to be very narrow. And instructs the court to consider its discretion for resentencing pursuant to 12022.53 (h) only.

"In an abundance of caution, however, I'm considering each of [defense counsel's] requests. And for the purpose of this ruling only note finding that I either have the discretion—or if I had the discretion. And considering each of those, [defense counsel] I'm denying the request for the following reason:

"I'm struck by the facts and circumstances of the case this was not an incident that occurred and in which your client immediately surrendered and claimed remorse. He did go through some complicated steps to escape. Most significantly to the court, however, and if not made clear at the original sentencing, making clear now, is your client's prior conviction of a manslaughter with the use of a weapon.

"To this court's mind and understanding the discretion, [defense counsel], I just can't comprehend how, after being convicted of a felony

4.

manslaughter with the use of a weapon, that your client one, ever thought it was appropriate to have a weapon; and then two, ever thought it would be appropriate to use that weapon to take another life. So I will clarify that that is the most significant factor this court finds in denying the request today and in finding specifically that I—the court is declining to exercise its discretion to resentence under any of the appropriate enhancements as invited by [defense counsel]. Again, I'm commenting I think [defense counsel's] motion was thorough, was appropriate. He's done everything he can to try to assist his client. But the facts and circumstances of this case and the criminal history of the defendant, in this court's mind, essentially, are insurmountable.

> "Again, I understand that I have the discretion. I'm considering each of [defense counsel's] requests pursuant to that discretion. And I'm declining the discretion, again, given the facts and circumstances of this offense. And, most significantly—and I shake my head as I say this and the record should indicate that—the court cannot comprehend how the defendant had access to, possessed, and used a firearm to take a life after he had a criminal conviction for doing exactly that.

> "And for those reasons the court, reaffirms the previously imposed sentence with no alteration in any aspect."

## DISCUSSION

### I. NO ABUSE OF DISCRETION IN DECLINING TO STRIKE THE ENHANCEMENT

Effective January 1, 2018, Senate Bill No. 620 granted trial courts discretion under section 1385 to strike a firearm enhancement under section 12022.5 or 12022.53. As relevant here, Senate Bill No. 620 added the following language to section 12022.53, subdivision (h):

> "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."

Senate Bill No. 620 applies retroactively to any judgment that is not final. (*People v. Woods* (2018) 19 Cal.App.5th 1080, 1090.)

5.

When exercising its discretion under section 1385, a trial court considers factors including the defendant's rights, the interests of society, and individualized considerations pertaining to the defendant and his or her offenses and background. (*People v. Rocha* (2019) 32 Cal.App.5th 352, 359.) The denial of a motion to dismiss pursuant to section 1385 is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*); *People v. Tirado* (2019) 38 Cal.App.5th 637, 642.) "Where, as here, a discretionary power is ... by express statute vested in the trial judge, his or her exercise of that wide discretion must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

In determining whether to strike a firearm enhancement, a trial court must consider the same sentencing factors required of the trial court when imposing a sentence in the first instance. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 117.) These factors include California Rules of Court,[3] rule 4.410 (general objectives in sentencing); rule 4.421 (circumstances in aggravation); and rule 4.423 (circumstances in mitigation) relating to the crime and the defendant. " '[U]nless the record affirmatively reflects otherwise,' the trial court is deemed to have considered the factors enumerated in the California Rules of Court." (*Pearson, supra,* at p. 117, citing rule 4.409.) Among those factors are the "cruelty, viciousness, or callousness" of the crime and that the defendant used a weapon to commit the crime. (Rule 4.421(a)(1)–(3).)

Saysanasy, who was 42 years old at the time he committed the current offense, argues he was essentially given a life sentence because he would be 106 before he would ever be eligible for parole. As such, he contends the trial court abused its discretion "by

---

**3** All further citations to the rules are to the California Rules of Court.

refusing to structure a sentence that allowed the possibility of parole after Mr. Saysanasy reached old age." However, Saysanasy provides no authority for such a rule.

Saysanasy also argues that the trial court's decision not to strike the firearm enhancement was based on its erroneous belief that Saysanasy would be eligible for the elderly parole program under then section 3055 once he reached age 60 and had served 25 years of his sentence. The elderly parole program under section 3055, subdivision (g) is not applicable to Saysanasy, as he was sentenced under the two strike provisions of the three strikes law (§ 1170.12, subd. (a)). But while this issue was discussed at sentencing, the trial court noted only that Saysanasy "may" be eligible for such a program but specifically stated this was not "a deciding factor for the court" in its decision. In addition, the trial court made no mention of the elderly parole program in its reasoning for declining to strike the firearm enhancement.

Instead, in declining to strike the firearm enhancement, the trial court relied on both the facts and circumstances of the case and Saysanasy's criminal history, noting Saysanasy's attempt to evade capture and responsibility for the crime by renting a vehicle to flee the area; Saysanasy's lack of remorse for killing someone; and that Saysanasy had a prior conviction for voluntary manslaughter which also involved the use of a firearm. As stated by the trial court, it could not comprehend how Saysanasy "ever thought it was appropriate to have a weapon" and "ever thought it would be appropriate to use that weapon to take another life."

We reject Saysanasy's claim, as he cannot show that the trial court's decision not to strike the firearm enhancement was either "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra,* 33 Cal.4th at p. 377.)

II.     NO ABUSE OF DISCRETION IN FAILING TO STRIKE PRIOR STRIKE

Saysanasy further contends that, when the trial court refused to strike the section 12022.53, subdivision (d) enhancement, it should have stricken his prior strike conviction

7.

to permit a lesser sentence based on his age, the age he would be at the time he would be eligible for parole, as well as the remoteness of the prior strike.

We question whether this issue is properly before this court, as Saysanasy could have appealed the trial court's refusal to strike his prior strike in his original appeal. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 538 ["[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay."].) But, as did the trial court at resentencing, we will address the issue in an "abundance of caution" and find no abuse of discretion.

A trial court has discretion under section 1385, subdivision (a) to " 'strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony' " in furtherance of justice. (*Carmony, supra,* 33 Cal.4th at p. 373, citing *People v. Williams* (1998) 17 Cal.4th 148, 158 (*Williams*).)

When evaluating whether a prior conviction should be stricken pursuant to *Romero,* a trial court must consider whether the defendant falls outside the "spirit" of the three strikes sentencing scheme by looking to the nature and circumstances of the present offense of conviction; the nature and circumstances of prior serious or violent felony convictions; and the particulars of the defendant's background, character, and prospects. (*Williams, supra,* 17 Cal.4th at p. 161.)

The three strikes law "creates a strong presumption that any sentence that conforms to [its] sentencing norms is both rational and proper." (*Carmony, supra,* 33 Cal.4th at p. 378; see also *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance"].) "Because the circumstances must be 'extraordinary ... by which a career criminal can be deemed to fall

outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Carmony, supra,* 33 Cal.4th at p. 378.)

The trial court did not abuse its discretion in denying Saysanasy's *Romero* motion based on his age. In addressing whether middle age is a factor in the context of dismissing a prior strike, the court in *People v. Strong* (2001) 87 Cal.App.4th 328, 345, stated, "middle age, considered alone, does not remove a defendant from the spirit of the Three Strikes law" because "[o]therwise those criminals with the longest criminal records over the longest period of time would have a built-in argument that the very factor that takes them within the spirit of the Three Strikes law—a lengthy criminal career—has the inevitable consequence—middle age—that takes them outside the law's spirit." So too here, Saysanasy's age did not necessarily warrant a lesser punishment or take him out of the spirit of the three strikes law.

Nor did the trial court abuse its discretion in denying Saysanasy's *Romero* motion based on the remoteness of his prior conviction. While it is true that Saysanasy's prior conviction, which was for voluntary manslaughter, occurred in 1992, Saysanasy spent much of his life between that conviction and the current conviction in prison. Saysanasy had multiple parole violations based on that prior strike and was eventually sent back to prison to finish his sentence in that case. In 2006, he was convicted of felony drug possession and sentenced to two years in prison. The court was well within its discretion to conclude that Saysanasy's continuous history of criminal behavior brought him within the spirit of the three strikes law. (See *People v. Leng* (1999) 71 Cal.App.4th 1, 14 ["The well-recognized purpose of the three strikes law is to provide increased punishment for current offenders who have previously committed violent or serious crimes and have therefore not been rehabilitated or deterred from further criminal activity as a result of

9.

their prior imprisonment."]; see also *Williams, supra,* 17 Cal.4th at p. 163 [defendant's criminal history indicated that he " 'had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable—but had failed or refused to learn his lesson' "].)

The trial court also weighed heavily the circumstances of Saysanasy's current offense: that he did not surrender immediately or claim remorse, and especially that, after previously being convicted of felony manslaughter, Saysanasy thought it acceptable "to have a weapon" and to "use that weapon to take another life." Saysanasy does not dispute that the trial court could properly consider a lack of remorse by a defendant as a factor relevant to penalty. (See, e.g., *People v. Bemore* (2000) 22 Cal.4th 809, 854.)

In sum, Saysanasy's argument that the trial court should have weighed certain factors—his age and the remoteness of his prior strike—more heavily than others does not establish an abuse of discretion. Because the trial court properly " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law' " (*Carmony, supra,* 33 Cal.4th at p. 378), its determination was not in error.

## DISPOSITION

The judgment is affirmed.